### COGSWELL & CO. *vs.* OCEAN INSURANCE COMPANY.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

The insurers are liable for damages done to zinc, occasioned by the salt water getting to and corroding it on the voyage.

This is an action on a policy of insurance in which the plaintiffs claim $859 67, for damage done to 14 hogsheads of zinc on their passage from New York to New Orleans. The zinc was much corroded and rusted on its arrival, evidently occasioned by salt water on the voyage.

The defendants insisted they were not liable and set up several matters in defence which are fully noticed in the opinion of this court.

There was judgment for the plaintiffs and the defendants appealed.

*Clark*, for the plaintiffs and appellees.

*F. B. Conrad*, for the appellants.

*Garland, J.* delivered the opinion of the court.

This action is on a policy of insurance on 14 hogsheads of zinc shipped on the Sylvanus Jenkins from New York to

New Orleans, which the plaintiffs alleged was damaged by
salt water. They claim $859 67, with interest.

The defendants plead the general issue; and further that
the zinc was shipped on board of a vessel that drew so much
water she could not enter the mouth of the Mississippi, in con-
sequence of which she grounded; a portion of the cargo was
discharged into a steam tow boat, of which these fourteen hogs-
heads of zinc was a part. They say if any damage was suf-
fered, it was because of this discharging of the vessel and that
there should be a general average. There was judgment
for the plaintiffs and the defendants appealed.

The defendants' counsel has urged us to decide upon a bill
of exception he took to the admission of the depositions of the
captain and mate of the vessel, on the ground that he had not
reasonable notice of the time and place of taking the testimony.
We incline to the opinion that the evidence of notice was not
sufficient, but it is a matter of no consequence, as we think
there is evidence enough to sustain the judgment without these
depositions.

It is satisfactorily proved that the zinc was shipped from New
York in good order, and when it arrived in New Orleans it
was damaged by salt water, much rusted and corroded. No-
thing but salt water will make it corrode. There is no evidence
the ship drew too much water to enter the river at usual tides
but the fact that she grounded and had to take out part of her
cargo. Vessel often get aground at the mouth of the Mis-
sissippi that do not draw too much water to get over the bar.
That the zinc was corroded by salt water raises a strong pre-
sumption it was damaged at sea. If the Insurance Company
had wished it, they could have had the captain and officers of
the tow boat examined to show the damage was done aboard
of it. They have not endeavored to obtain the evidence to
make out the defence.

*The insurers are liable for damage done to zinc occasioned by the salt water getting to and corroding it on the voyage.*

The judgment of the Commercial Court is therefore affirm-
ed with costs.